Filed 6/25/26  P. v. Ramirez CA2/3

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | B344420 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. TA137658) |
| v. | |
| NARCISO RAMIREZ, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Teresa P. Magno, Judge.  Affirmed.

Narciso Ramirez, in pro. per.; and Ann Krausz, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Narciso Ramirez appeals from an order denying his petitions for resentencing under Penal Code[1] sections 1172.6 and 1172.1. His appellate counsel filed a brief under *People v. Delgadillo* (2022) 14 Cal.5th 216. We directed counsel to provide a copy of the record to Ramirez, and Ramirez submitted a supplemental letter brief. As we now explain, our independent review shows that counsel has complied with her duties and no arguable issue exists.

## BACKGROUND

In 2016, a jury convicted Ramirez of attempted voluntary manslaughter with true findings on personal gun use and great bodily injury allegations. (§§ 664, 192, subd. (a), 12022.5, 12022.7.) That same year, a court sentenced Ramirez to 18 years 6 months in prison. A court of appeal affirmed Ramirez's conviction in *People v. Ramirez* (Nov. 21, 2017, B271540) [nonpub. opn.].

In May 2024, Ramirez petitioned for resentencing under sections 1172.6 and 1172.1, as amended by Assembly Bill No. 600. In September 2024, Ramirez filed an "invitation for court to recall and resentence pursuant to Penal Code section 1172.1." The trial court appointed counsel to represent Ramirez as to the section 1172.6 petition only.

The People opposed the section 1172.6 petition on the ground that section 1172.6 does not apply to attempted voluntary

---

[1]     All further undesignated statutory references are to the Penal Code.

Effective June 30, 2022, the Legislature renumbered section 1170.95 to section 1172.6, with no change in text. (Stats. 2022, ch. 58, § 10.)

2

manslaughter, and even if it did, Ramirez's jury was not instructed on felony murder, the natural and probable consequences doctrine, or any other theory under which malice could be imputed to a person based solely on the person's participation in a crime.  The People submitted as exhibits the jury instructions given to Ramirez's jury and the verdict.

On January 28, 2025, the trial court denied Ramirez's section 1172.6 petition, finding that he had not made a prima facie showing he was entitled to relief.  The trial court also denied his section 1172.1 petition, stating it was declining Ramirez's invitation to recall and resentence him.

This appeal followed.  Ramirez's appellate counsel filed an opening brief that raised no issues and asked this court to independently review the record under *People v. Delgadillo*, *supra*, 14 Cal.5th 216.  Ramirez filed a supplemental letter brief in which he argued that his trial counsel provided ineffective assistance of counsel, a trial witness was not credible, and the jury was manipulated.

## DISCUSSION

I.     Section 1172.6 petition

Senate Bill No. 1437 (2017–2018 Reg. Sess.) limited accomplice liability under the felony-murder rule, eliminated the natural and probable consequences doctrine as it relates to murder, and eliminated convictions for murder based on a theory under which malice is imputed to a person based solely on that person's participation in a crime.  (See generally *People v. Lewis* (2021) 11 Cal.5th 952, 957, 959; *People v. Gentile* (2020) 10 Cal.5th 830, 842–843.)  Senate Bill No. 1437 added section 189, subdivision (e) (limiting application of the felony-murder rule)

3

and section 188, subdivision (a)(3) (stating that " '[m]alice shall not be imputed to a person based solely on his or her participation in a crime' "). Effective January 1, 2022, Senate Bill No. 775 (2021–2022 Reg. Sess.) expanded resentencing eligibility to persons convicted of attempted murder under the natural and probable consequences doctrine or manslaughter. (See generally *People v. Gallegos* (2024) 105 Cal.App.5th 434, 441.)

Senate Bill No. 1437 also created a procedure, codified at section 1172.6, for a person convicted of murder, attempted murder, or manslaughter under the former law to be resentenced if the person could no longer be convicted of those crimes under the current law. (*People v. Lewis, supra*, 11 Cal.5th at p. 959; *People v. Gentile, supra*, 10 Cal.5th at p. 847.) A defendant commences that procedure by filing a petition containing a declaration that, among other things, the defendant could not presently be convicted of those crimes under the current law. (*People v. Strong* (2022) 13 Cal.5th 698, 708.) At the prima facie stage, the trial court takes as true the petitioner's factual allegations and assesses whether the petitioner would be entitled to relief if those allegations were proved. (*Lewis*, at p. 971.) In determining whether the petitioner has made a prima facie case for relief, the trial court may look at the record of conviction, including jury instructions, verdicts and closing argument, to determine readily ascertainable facts such as the crime of conviction. (*People v. Duchine* (2021) 60 Cal.App.5th 798, 815; see, e.g., *People v. Harden* (2022) 81 Cal.App.5th 45, 56.) At the prima facie stage, the trial court does not engage in fact finding that involves weighing evidence or exercising discretion. (*Lewis*, at p. 972.) If at the prima facie stage the record of conviction

establishes that the petition is meritless, the trial court may dismiss it.  (*Id.* at p. 971.)

Here, the trial court properly dismissed Ramirez's petition at the prima facie stage because his jury was not instructed on felony murder, the natural and probable consequences doctrine, or any theory under which the jury could have imputed malice to him.  Accordingly, he did not make a prima facie showing of eligibility for relief.[2]

## II.     Section 1172.1

Section 1172.1, subdivision (a)(1), provides that a trial court may recall a defendant's sentence and resentence the defendant either (1) "on its own motion, within 120 days of the date of commitment or at any time if the applicable sentencing laws at the time of original sentencing are subsequently changed by new statutory authority or case law," or (2) "at any time upon the recommendation of" specified law enforcement officials.  The statute further provides that defendants are "not entitled to file a petition seeking relief from the court under this section.  If a defendant requests consideration for relief under this section, the court is not required to respond."  (§ 1172.1, subd. (c).)  Thus, a defendant who files "an unauthorized request for resentencing has no *right* to a ruling." (*People v. Hodge* (2024) 107 Cal.App.5th 985, 996; accord, *People v. Roy* (2025) 110

---

[2]     Below, the People argued that section 1172.6 does not apply to persons convicted of attempted voluntary manslaughter. *People v. Luu* (2025) 110 Cal.App.5th 1051, review granted July 16, 2025, S291235, held that section 1172.6 applies to defendants convicted of attempted voluntary manslaughter.  Unlike here, however, the *Luu* jury was instructed on the natural and probable consequences doctrine, and the case, even if correct, is therefore distinguishable on that ground.

Cal.App.5th 991, 998.)  Therefore, the trial court did not err by declining to exercise its discretion to recall and resentence Ramirez.  (See, e.g., *People v. Brinson* (2025) 112 Cal.App.5th 1040, 1045–1046; *People v. Faustinos* (2025) 109 Cal.App.5th 687, 693; *Hodge*, at pp. 991, 996.)

III.    Ramirez's supplemental brief

Finally, to the extent Ramirez raises ineffective assistance of his trial counsel and other errors at his trial, a section 1172.6 petition is not a vehicle to relitigate alleged trial errors.  (See, e.g., *People v. Coley* (2022) 77 Cal.App.5th 539, 549 [§ 1172.6 "is not a means by which a defendant can relitigate issues already decided"]; *People v. Farfan* (2021) 71 Cal.App.5th 942, 947 ["mere filing" of § 1172.6 petition doesn't afford petitioner new opportunity to raise trial error claims or attack sufficiency of evidence to support jury's findings]; *People v. DeHuff* (2021) 63 Cal.App.5th 428, 438 [§ 1172.6 is not a direct appeal].)

## DISPOSITION

The order is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


                              ASHWORTH, J.*

We concur:



        EGERTON, Acting P. J.



        ADAMS, J.

---

\*      Retired Judge of the El Dorado Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.